UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA SCHNEPP, | ) |
| Plaintiff, | ) Case No. 17-cv-6967 |
| v. | ) Hon. Jorge L. Alonso |
| MENARD, INC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

After being injured while shopping, plaintiff Pamela Schnepp ("Schnepp") filed in the Circuit Court of DuPage County a negligence claim against defendant Menard, Inc. ("Menard"). Menard removed the case to this Court[1] and, after discovery, filed a motion for summary judgment. For the reasons set forth below, the Court grants defendant's motion for summary judgment [42].

## I. BACKGROUND

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. *See FTC v. Bay Area Business Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005) ("Because of the important function local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts, we have consistently upheld the district court's discretion to require strict compliance with those rules."). At the summary judgment stage, a party cannot rely on allegations; she or it must put forth evidence. Fed.R.Civ.P. 56(c)(1)(A); *see also Grant v.*

---

[1] The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because plaintiff is a citizen of Illinois, defendant is a Wisconsin corporation with its principal place of business in Wisconsin and the amount in controversy is greater than $75,000.00. [Docket 55].

*Trustees of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) ("As the 'put up or shut up' moment in a lawsuit,' summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial.").

Where one party supports a fact with admissible evidence (i.e., not complaint allegations) and the other party fails to controvert the fact with citation to admissible evidence (i.e., not complaint allegations and not merely a statement saying the issue is one for a jury), the Court deems the fact admitted. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of the duty to support the fact with admissible evidence. See *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). In this case, the Court deemed several facts admitted for failure to controvert those facts with citations to admissible evidence. For example, in response to defendant's fact number 37, plaintiff responded, "Undisputed that this is Defendant's assertion. The reliability of this statement is one that is to be tested by a jury." Because plaintiff cited no contrary *evidence*, the Court deemed the fact admitted.

In considering a motion for summary judgment, this Court does not consider facts that parties failed to include in their statements of fact, because to do so would unfairly eliminate the opposing party's opportunity to show that the fact is disputed and make the Court's job of searching for disputed facts extremely difficult and excessively time consuming. *See Torres v. Alltown Bus Services, Inc.*, Case No. 05 C 2435, 2008 WL 4542959 at *1 n.1 (N.D. Ill. Apr. 28, 2011) ("To consider facts not included in a statement of facts would be unfair to the other party, because it would rob the other party of the opportunity to show such facts were controverted."),

aff'd 323 Fed. Appx. 474, 475 (7th Cir. 2009) ("Since we have already held that it is not an abuse of discretion for a court to refuse to consider evidence whose manner of submission violated local rules, we cannot say that the district court abused its discretion in this case."). The following facts are undisputed unless otherwise noted.

Defendant Menard operates a Menards store in Glendale Heights (the "Glendale Heights Menards"), which store contains an outdoor garden center. Among the items Menard sells in the garden center are large (roughly 40-pound) bags of rocks. On July 31, 2016, plaintiff Schnepp was shopping with her husband in the outdoor garden center at the Glendale Heights Menards. Plaintiff and her husband were walking in an aisle that contained large bags of rocks stacked on pallets.

Plaintiff was looking forward while pushing a cart in an aisle when she suddenly slipped and fell. Plaintiff landed on her left arm and the left side of her head. She attempted to get up but fell again. When plaintiff landed, she could feel rocks under her. She had not seen the rocks before she fell. Had she seen the rocks, plaintiff would not have walked through them. Plaintiff's husband had not seen the rocks before plaintiff fell, either.

Neither plaintiff nor her husband knows how the rocks came to be in the aisle where plaintiff was walking when she fell. Neither plaintiff nor her husband saw anyone put the rocks in the aisle, and neither knows how long the rocks were there. Neither plaintiff nor her husband saw any Menard employee working anywhere near where plaintiff fell during the 15 minutes prior to her fall.

After plaintiff fell, plaintiff's husband, who had been walking a few feet behind her, helped plaintiff up and sat her down on a nearby pallet of bags of rocks. He then went to get

help.  A female employee arrived to assist plaintiff.  Plaintiff's husband took pictures of plaintiff but not of her surroundings.

The next two Menard employees to arrive were Robert Rago ("Rago"), the Second Assistant Front End Manager at the Glendale Heights Menards, and Ben Bohlen ("Bohlen"), the Second Assistant General Manager at the Glendale Heights Menards.  Each had heard of plaintiff's fall over his radio.  When Bohlen arrived, he noticed rock debris on the ground near where plaintiff fell.  Had he seen the rocks before plaintiff fell, he would have swept them up.  When Rago arrived, plaintiff gestured toward rocks on the ground next to the pallet.  Rago thought the rocks looked like a tripping hazard that warranted being cleaned up.  At some point that day, Rago took photographs of the area where plaintiff fell, although plaintiff does not think the rocks in the photographs are the same rocks on which she fell.

As Second Assistant General Manager, Bohlen constantly walked the Glendale Heights Menards store, inspecting for cleanliness and racking up 15,000-20,000 steps per day.  Other employees also walked the store.  Menard employees are trained to identify and address potential safety hazards in the store.  Bohlen testified that he removes a hazard from a store aisle about five times per week.  Rago, for his part, has seen rocks in areas where guests walk.

Although Bohlen was trained to remain vigilant about hazards, he was not specifically trained to tape up ripped bags of rocks.  He figured that out on his own.  No one employee is assigned to check rock bags for holes.  River rock bags do not rip often, but Bohlen has observed rips in rock bags, with such rips occurring more frequently over the summer than in the winter.  Such rock bags can rip in several ways.  For example, when Menard employees move rock bags via forklift, a tine of the forklift occasionally rips a hole in the bottom of the lowest bag on a pallet.  Occasionally, a bag of rocks arrives from a vendor with hole at the corner.  In addition,

customers sometimes cut open bags to get a better look at the rocks inside. When Bohlen observes a small rip in a bag of rocks, his practice is to tape up the hole. If he observes a large rip, he removes the bag from the store and includes the bag on the list of defective merchandise. Menard receives a refund from the vendor in that event. In this particular case, Bohlen observed a large rip in the top of a bag near where plaintiff fell.

Menard is not aware of any prior injuries due to slips on an aisle floor at the Glendale Heights Menards in the last five years.

## II.    STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When considering a motion for summary judgment, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1021 (7th Cir. 2018). Summary judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III.    DISCUSSION

As a property owner, defendant is not the "insurer[] of the plaintiff's safety." *Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 123 (7th Cir. 1988) (citing *Anderson v. Woodlawn Shell Inc.*, 132 Ill.App.3d 580, 478 N.E.2d 10, 12 (1st Dist. 1985)). Still, under Illinois law, a business

5

owes its customers "a duty to maintain its premises in a reasonably safe condition to avoid injuries to those customers." *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016).

As the parties agree, when "a business invitee is injured by slipping on a foreign substance, the business can be liable if the invitee establishes that: (1) the substance was placed there by the negligence of the business; (2) the business had actual notice of the substance; or (3) the business had constructive notice of the substance." *Piotrowski*, 842 F.3d at 1038. In her brief, plaintiff states, "This is a constructive notice case." (Plaintiff's Brief/Docket 47 at 3). Plaintiff can establish constructive notice under Illinois law by showing: "(1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care, or (2) the dangerous condition was part of a pattern of conduct or a recurring incident." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 651 (7th Cir. 2014).

Plaintiff argues that "there is more than sufficient evidence of constructive notice of a recurring event that was never properly dealt with by Menards." (Plaintiff's Brief/Docket 47 at 3-4). Plaintiff points out that Menard employees were aware that rocks spilled and that bags containing rocks ripped for several reasons, such as a forklift tine puncturing the bottom of a bag or a customer opening a bag in order to see the rocks inside. Plaintiffs point out that Menard employees had taped shut bags of rocks that had ripped. Plaintiff argues that this shows a recurring pattern of rock spills.

The Court does not agree that plaintiff's evidence is enough for a jury to find constructive notice. All plaintiff can show is that rock spills occurred, but what is necessary is evidence that such dangerous conditions were *ignored*. As the Seventh Circuit has explained, "[a] pattern or practice of a particular type of spill is not necessary. What is needed is a pattern of dangerous conditions which were not attended to within a reasonable period of time." *Culli*, 862 F.2d at

126; *see also Mitts v. Costco Wholesale Corp.*, Case No. 16 C 5788, 2017 WL 8204095 at *5 (N.D. Ill. Dec. 8, 2017) ("A pattern of recurring accidents in which customers slipped on spilled milk might suffice; a pattern of recurring spills, by themselves, does not."); *Shimkus v. Target Corp.*, Case No. 10 C 7066, 2012 WL 619500 at *4 (N.D. Ill. Feb. 24, 2012) ("[T]he fact that spills are common at Target is both unsurprising (in light of its business) and insufficient to demonstrate notice under *Culli*. *Culli* requires a pattern or practice of *inadequate responses* to such spills"). In *Culli*, for example, it was enough that "there was evidence establishing that spills were a daily occurrence and that they were only cleaned, if at all, during the night shift." *Culli*, 862 F.2d at 126.

In this case, plaintiff has put forth evidence that rocks occasionally spilled out of bags, that Menard employees sometimes taped ripped bags and that no particular employee was in charge of checking for rips in bags; but, plaintiff has put forth no evidence that the rock spills were not attended to within a reasonable period of time. The undisputed evidence is that Menard is aware of no other injuries due to slips on the aisle floor of the Glendale Heights Menards in the last five years.

There are no genuine disputes of material fact, and defendant is entitled to judgment as a matter of law on plaintiff's claim. Accordingly, the Court grants defendant's motion for summary judgment.

## IV. CONCLUSION

For all of these reasons, the Court grants defendant's motion for summary judgment [42].

Civil case terminated.

SO ORDERED.                                        ENTERED:  March 14, 2019

                                                                                     JORGE L. ALONSO
                                                                                     United States District Judge